UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM T. SHERROD JR., | ) | |
| | ) | |
| Plaintiff, | ) | 13 C 417 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| DONNITA TRAVIS, WILLIAM GATES, GLENN | ) | |
| JAZWEIC, DANIEL RADAKOVICH, WILLIAM LOO | ) | |
| SCHULTZ, RICHARD DEVINE, ANITA ALVAREZ, | ) | |
| PHYLLIS PORCELLI, NEDRA R. CHANDLER, KEVIN | ) | |
| DWYER, CHARLES F. HOLLENDONER, JOSE REYES, | ) | |
| ASA MULDOON, and THOMAS V. GAINER JR., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

In this *pro se* lawsuit, William T. Sherrod Jr. purports to bring various federal

constitutional claims under 42 U.S.C. § 1983 and several state law claims. Doc. 1. Sherrod also

seeks leave to proceed *in forma pauperis* ("IFP"). Doc. 4. The IFP application is denied for

failure to comply with Local Rule 3.3, but without prejudice to his filing a second IFP

application by March 15, 2013, that complies with that rule. Furthermore, the court notifies

Sherrod of its tentative view that his federal claims should be dismissed for failure to state a

claim. Sherrod has until March 15, 2013, to file a brief defending the viability of his federal

claims as currently pleaded, to file an amended complaint that remedies the defects identified

below, or to file a brief that defends some of the federal claims as currently pleaded and an

amended complaint that repleads the others. If Sherrod fails to respond within the allotted time,

or if he does respond but does not adequately address the court's concerns, the case will be

dismissed.  The case also will be dismissed if Sherrod does not timely file an IFP application that complies with Local Rule 3.3.

**Discussion**

**I.      The IFP Application**

Sherrod's IFP application avers that he does not "have any assets" or "own a legal place of residence," Doc. 4 at 1-2, but it does not include a completed copy of the "financial affidavit" form described by Local Rule 3.3(a)(2).  "Northern District of Illinois Local Rule 3.3 requires that persons lodging new lawsuits must either pay the statutory filing fee or file a petition for leave to proceed *in forma pauperis*, using the court's form and signing under penalty of perjury." *Cleveland v. Cnty. of Cook*, 2011 WL 148561, at \*1 (N.D. Ill. Jan. 14, 2011); *see also Smith v. Warden of Stateville*, 2010 WL 2731133, at \*1 (N.D. Ill. July 8, 2010) (same).  The prescribed form requires litigants wishing to proceed *in forma pauperis* to provide substantially more information than Sherrod included in his current application, and without that additional information, the court cannot evaluate whether Sherrod qualifies for IFP status.

Sherrod's IFP application therefore is denied for failure to comply with Local Rule 3.3. The required form is available from the Clerk's Office at 219 South Dearborn Street in Chicago, or on the internet at www.ilnd.uscourts.gov/PUBLIC/Forms/IFPFormFinal.pdf.  As noted above, Sherrod has until March 15, 2013, to file an IFP application that complies with Local Rule 3.3.

**II.      The Complaint**

A court may dismiss a complaint *sua sponte*, "provided that a sufficient basis for the court's action is evident from the plaintiff's pleading." *Ledford v. Sullivan*, 105 F.3d 354, 356 (7th Cir. 1997); *see also Apostol v. Landau*, 957 F.2d 339, 343 (7th Cir. 1992) (same).  However,

"[u]nless a complaint is frivolous, it is rudimentary that a court cannot sua sponte enter summary judgment or dismiss a complaint without notifying the parties of its intentions and allowing them an opportunity to cure the defect in the complaint or respond." *Dawson v. Newman*, 419 F.3d 656, 660 (7th Cir. 2005) (quoting *English v. Cowell*, 10 F.3d 434, 437 (7th Cir. 1993)); *see also Pourghoraishi v. Flying J, Inc.*, 449 F.3d 751, 765 (7th Cir. 2006) (same). In keeping with that requirement, the court sets forth the bases for its view that Sherrod's federal claims must be dismissed for failure to state a claim upon which relief can be granted, and gives Sherrod an opportunity to address the court's concerns.

In reviewing the complaint, the court assumes the truth of its well-pleaded factual allegations but not of its legal conclusions. *See Munson v. Gaetz*, 673 F.3d 630, 632 (7th Cir. 2012); *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010). The complaint alleges that Sherrod was convicted in Illinois criminal court and was incarcerated pursuant to his convictions from August 2006 until his release in December 2012. Doc. 1 at ¶¶ 21-22. He filed this lawsuit the month after his release. *Id*. at p. 1. The complaint challenges the grounds for Sherrod's arrest, conviction, and imprisonment: it alleges that he "was falsely arrested due to there being no probable cause to arrest him"; that he "was wrongfully convicted, due to there being no evidence to sustain & support convictions against him"; and that he "was wrongfully imprisoned in the Cook County jail … & the Illinois Department of Corrections." *Id*. at ¶¶ 22.1, 22.2, 22.3. The complaint then alleges that Chicago Police Department detectives "falsely arrested" Sherrod, "being fully aware after [their] 'investigation' that there was no probable cause to arrest" him, *id*. at ¶ 23; that prosecutors in the Cook County State's Attorney's Office "intentionally & unlawfully approved felony charges against [Sherrod], though [Defendant

Alvarez] was fully aware after reviewing [the] charges that [the] charges were not supported by probable cause," *id*. at ¶ 24; that "[a]ll [Defendants] acted in conspiracy to violate [Sherrod's] rights & were the proximate cause of his injuries," *id*. at ¶¶ 25, 31; that Travis and Gates caused his false arrest and subsequent conviction and imprisonment by knowingly providing false information to the authorities, *id*. at ¶¶ 25-26; that Sherrod's defense attorneys "knew that [Sherrod] was innocent of the charges brought against him" and yet "conspired with [the other Defendants] to cause [Sherrod] to suffer wrongful convictions & wrongful imprisonment," *id*. at ¶ 27; that two Illinois judges "intentionally & unlawfully took jurisdiction over [Sherrod] & unlawful charges brought against [him] …, being fully aware that there was no probable cause to arrest [Sherrod], nor was there any evidence to support convictions against [him]," *id*. at ¶ 28; and that Dart and Chandler held Sherrod in custody unlawfully, *id*. at ¶¶ 29-30. The complaint then sets forth the following counts: (1) false arrest in violation of the Fourth Amendment; (2) conspiracy to violate his Fourteenth Amendment rights; (3) violation of his Sixth Amendment right to effective assistance of counsel; (4) violation of his Eighth Amendment right against cruel and unusual punishment in the form of "wrongful imprisonment"; (5) unconstitutional conspiracy to effect his "false arrest & wrongful imprisonment"; (6) intentional infliction of emotion distress under state law; (7) loss of consortium under state law; (8) loss of parental relationships under state law; (9) loss of means of support under state law; (10) a respondeat superior claim under state law; and (11) a further claim under Illinois statutory and common law. Doc. 1 at ¶¶ 32-42.

## A.    Claims Against Judges and Prosecutors

The complaint identifies Devine, Muldoon, Porcelli, Alvarez, Schultz, and Gainer as prosecutors or judges, and complains of actions they took in prosecuting Sherrod's criminal case and conducting his trial. Doc. 1 at ¶¶ 24, 28. The federal claims against those defendants are subject to dismissal under the settled rule that prosecutors and judges have absolute immunity from suit under § 1983 for actions taken pursuant to their prosecutorial and judicial roles, such as commencing and overseeing prosecutions or conducting trials. *See Lewis v. Mills*, 677 F.3d 324, 330 (7th Cir. 2012) ("[P]rosecutors are entitled to absolute immunity when they are performing functions—such as determining whether charges should be brought and initiating a prosecution—[that are] 'intimately associated with the judicial phase of the criminal process.'") (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 270 (1993)); *Dawson*, 419 F.3d at 660-61 (describing the doctrine of absolute judicial immunity).

## B.    Claims Challenging Prosecution, Conviction, and Incarceration

Sherrod's federal claims that seeks to hold Defendants liable for his prosecution, conviction, and incarceration are subject to dismissal under *Heck v. Humphrey*, 512 U.S. 477 (1994). The *Heck* doctrine holds that "[w]hen 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence' … § 1983 is not an available remedy. 'But if … the plaintiff's action, even if successful, will *not* demonstrate the invalidity of [his conviction or sentence], the [§ 1983] action should be allowed to proceed.'" *Skinner v. Switzer*, 131 S. Ct. 1289, 1298 (2011) (quoting *Heck*, 512 U.S. at 487) (alterations in original).

Sherrod's claims that he should not have been prosecuted because there was insufficient evidence of his guilt, that his conviction was wrong, that his Sixth Amendment right to

effective assistance of counsel was violated, and that his being imprisoned during and after his

allegedly wrongful prosecution was unconstitutional would all, if successful, necessarily imply

that his conviction was invalid. *See Simpson v. Rowan*, 73 F.3d 134, 136 (7th Cir. 1995) (claims

of "malicious prosecution" and "the denial of [the plaintiff's] right to counsel … are barred by

*Heck* and should be dismissed without prejudice"). *Heck* requires that those claims be dismissed

"unless the plaintiff can demonstrate that the conviction or sentence has already been

invalidated," *Heck*, 512 U.S. at 487, which the complaint does not attempt to do. Thus, Counts 3

and 4 of the complaint are subject to dismissal under *Heck*. (Although Count 4 claims a

violation of Sherrod's Eighth Amendment rights, it is grounded on the allegation that his

imprisonment was caused by a wrongful prosecution and conviction rather than on the

conditions of his confinement.) Counts 2 and 5, which allege unconstitutional conspiracies, are

also subject to dismissal under *Heck* except to the extent that they concern conspiracies relating

to Sherrod's alleged wrongful arrest.

### C.    False Arrest Claims

*Heck* does not bar Sherrod's claims in Counts 1, 2, and 5 that he was arrested without

probable cause in violation of the Fourth Amendment. *See Reynolds v. Jamison*, 488 F.3d 756,

766-67 (7th Cir. 2007) ("a claim for false arrest, because it does not by its nature call into

question the validity of a conviction, may go forward immediately, without nullification of the

underlying criminal conviction"); *Wallace v. City of Chicago*, 440 F.3d 421, 424-29 (7th Cir.

2006), *aff'd sub nom. Wallace v. Kato*, 549 U.S. 384 (2007); *Booker v. Ward*, 94 F.3d 1052,

1056 (7th Cir. 1996) ("a wrongful arrest claim, like a number of other Fourth Amendment

claims, does not inevitably undermine a conviction; one can have a successful wrongful arrest

claim and still have a perfectly valid conviction").  However, the false arrest claim, along with

the conspiracy claims to the extent that they pertain to the arrest, are subject to dismissal for

failure to comply with Federal Rule of Civil Procedure 8(a).

Rule 8(a) states: "A pleading that states a claim for relief must contain: … (2) a short and

plain statement of the claim showing that the pleader is entitled to relief."  In *Ashcroft v. Iqbal*,

556 U.S. 662 (2009), the Supreme Court explained that "the pleading standard Rule 8 announces

does not require detailed factual allegations, but it demands more than an unadorned, the-

defendant-unlawfully-harmed-me accusation.  A pleading that offers labels and conclusions …

will not do."  *Id*. at 678 (citations and internal quotation marks omitted).  *Iqbal* further explains

that "the tenet that a court must accept as true all of the allegations contained in a complaint is

inapplicable to legal conclusions."  *Ibid*.  Sherrod's false arrest claim rests solely on the sort of

conclusory assertions and legal labels that are insufficient under *Iqbal*, such as his assertions that

Defendants "falsely arrested [him], being fully aware after [their] 'investigation' that there was

no probable cause to arrest [him]," Doc. 1 at ¶ 23, and that Defendants "reported … false

allegations of criminal misconduct, in bad faith, to authorities," "unlawfully transmitted

[Sherrod's] and [the Defendant's] private conversation, without [Sherrod's] knowledge or

consent," and "distorted [the Defendant's] July 2006 phone conversation with [Sherrod], to

authorities, to cause [Sherrod] to suffer the injuries of false arrest, wrongful convictions &

wrongful imprisonment," *id*. at ¶¶ 25-26.

The complaint repeatedly claims that Defendants acted unlawfully and wrongfully caused

Sherrod to suffer injuries, but it does not "plead[] factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S.

at 678.  The Supreme Court has explained that "[p]robable cause exists where the facts and circumstances within an officer's knowledge and of which he had reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed."  *Safford Unified Sch. Dist. No. 1 v. Redding*, 557 U.S. 364, 370 (2009) (brackets and internal quotation marks omitted).  The complaint says nothing about the facts and circumstances known to Defendants at the time of Sherrod's arrest, other than the conclusory and unsupported assertion that the officers were "fully aware after [their] 'investigation' that there was no probable cause to arrest" him.  The complaint's allegations are so vague and conclusory that they do not plausibly suggest that Defendants are indeed liable for infringing his Fourth Amendment rights.  *Iqbal* therefore requires dismissal of the false arrest claims.

The court also notes the possibility that the false arrest claim may be barred by the statute of limitations.  In *Wallace*, the Supreme Court noted that the statute of limitations for § 1983 false arrest claims in Illinois is two years, 549 U.S. at 387; held that the statute of limitations begins to run when legal process is initiated against the arrested person, *id*. at 390; and held that even if *Heck* bars a Fourth Amendment suit for false arrest after the arrested person is convicted of the crime of arrest, the statute of limitations is *not* tolled during the existence of the *Heck* bar, *id*. at 394-95 & n.4.  If, as the complaint necessarily suggests, Sherrod was arrested and prosecuted in or before 2006, Doc. 1 at ¶¶ 21-22, 22.3, then it is likely that his false arrest claim is time-barred given that this suit was filed in January 2013, unless there is some ground for tolling the limitations period.

**D.      State Law Claims**

The foregoing analysis, if correct, would leave Sherrod with no remaining federal claims. Federal question jurisdiction provided the only source of original jurisdiction over this lawsuit, 28 U.S.C. § 1331; jurisdiction over the state law claims (Counts 6-11) arises only under the supplemental jurisdiction statute, 28 U.S.C. § 1367(a). If the court ends up dismissing Sherrod's federal claims, then it would exercise its discretion under 28 U.S.C. § 1367(c) to relinquish supplemental jurisdiction over the state law claims. Section 1367(c)(3) provides that a district court "may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "As a general matter, when all federal claims have been dismissed prior to trial, the federal court should relinquish jurisdiction over the remaining pendant state claims." *Williams v. Rodriguez,* 509 F.3d 392, 404 (7th Cir. 2007). This general rule has three exceptions: "when the [refiling] of the state claims is barred by the statute of limitations; where substantial judicial resources have already been expended on the state claims; and when it is clearly apparent how the state claim is to be decided." *Ibid.*

None of these exceptions apply here. If the court dismisses the state law claims, Illinois law would give Sherrod one year to refile those claims in state court. *See* 735 ILCS 5/13-217; *Davis v. Cook Cnty.,* 534 F.3d 650, 654 (7th Cir. 2008). Substantial federal judicial resources have not yet been committed to the state law claims. And it is not clearly apparent how the state law claims should be decided. It follows that relinquishing jurisdiction over the state law claims would be the appropriate course under § 1367(c)(3) if it turns out that Sherrod has no viable

federal claim. *See RWJ Mgmt. Co. v. BP Prods. N. Am., Inc.*, 672 F.3d 476, 479-80 (7th Cir.

2012); *Wright v. Associated Ins. Cos.,* 29 F.3d 1244, 1251-53 (7th Cir. 1994).

## Conclusion

As stated above, the foregoing analysis reflects the court's current view of the sufficiency

of Sherrod's complaint.  If Sherrod believes that any aspect of the analysis is wrong, the court is

open to his arguments.  Sherrod has until March 15, 2013, to file a brief responding to the court's

views on the sufficiency of his complaint, to file an amended complaint that remedies the defects

described above, or to file a brief that defends the validity of some of the federal claims and an

amended complaint that repleads the others.  He also has until March 15, 2013, to file a second

IFP application, taking care to comply with Local Rule 3.3.  If Sherrod fails to do either of these

things—(1) file a second IFP application, and (2) address the court's views regarding the

sufficiency of the complaint or file an amended complaint that remedies the defects in the

complaint—the case will be dismissed.

February 15, 2013

_____

United States District Judge